JEWISH HOSPITAL ASSN. OF CINCINNATI, APPELLANT, *v.* BOARD OF
TAX APPEALS ET AL., APPELLEES.

[Cite as Jewish Hospital Assn. v. Board of Tax Appeals, 5 Ohio St. 2d 179.]

(No. 39549—Decided February 16, 1966.)

*Messrs. Paxton & Seasongood* and *Mr. Simon Lazarus, Jr.,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Thomas J. Moyer, Mr. Jon A. Ziegler, Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Robert W. Warth,* for appellees.

*Per Curiam.* The record herein does not indicate whether the director of nursing, residents, interns or graudate-nurse employees were required to be in or near the hospital so as to be available on a 24-hour basis or whether any of those employees were, outside of duty hours, required to participate in any of the educational, research, teaching or patient-care programs of the hospital.

Except for the director of nursing, there is nothing to indicate whether the use of the facilities was primarily for residence or for temporary sleeping purposes.

As to the use of the one parcel as sleeping facilities for on-call employees of the laboratory, surgery and X-ray departments, the record fails to show whether this was the principal use of the property for a substantial portion of the year in question, namely, 1964.

On the whole, therefore, there is nothing in the record which removes this case from the rule that the use of property for residence purposes necessarily is a private use of the premises and not a use exclusively for charitable purposes. *Doctors Hospital* v. *Board of Tax Appeals*, 173 Ohio St. 283.

The decision of the Board of Tax Appeals in denying tax exemption is neither unreasonable nor unlawful, and, accordingly, that decision is affirmed.

*Decision affirmed.*

Zimmerman, Matthias, Herbert and Brown, JJ., concur.
Taft, C. J., O'Neill and Schneider, JJ., dissent.

Schneider, J., dissenting. I have attempted to show in my dissenting opinion in *Philada Home Fund* v. *Board of Tax Appeals*, 5 Ohio St. 2d 135, at page 140, that neither the Constitution of Ohio nor the legislative enactments pursuant thereto require that the *property* here involved be used for charitable

182

purposes to the exclusion of all other uses, so as to qualify it for tax exemption, unless Article I of the Constitution of Ohio is transgressed.

The constitutional question has not been raised by the appellees, and it is clear that the use of the property is not such as would support a conclusion that it is in competition with other dwelling units in the mainstream of the real estate market.

TAFT, C. J., and O'NEILL, J., concur in the foregoing dissenting opinion.