BOARD OF TRUSTEES OF THE OHIO STATE UNIVERSITY, APPELLEE, *v.*
KINNEY, COMMR., APPELLANT.

[Cite as Bd. of Trustees *v.* Kinney (1983), 5 Ohio St. 3d 173.]

(No. 82-1029—Decided June 22, 1983.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Thomas B. Ridgley* and *Mr. Raymond D. Anderson,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* R.C. 3345.17 provides, in part:

"All property, personal, real or mixed of the boards of trustees * * * of the state universities * * * held for the use and benefit of any such institution, which is used for the support of such institution, is exempt from taxation so long as such property is used for the support of such university or college." Appellant challenges the BTA's decision that the half-acre parcel is exempt under R.C. 3345.17 because appellee leases it to individuals who are "not connected with the university for use as a private residence, the rent or income from which is used by the university to meet its general operating expenses."

We note at the outset that appellant bases his challenge on only the use of the house and yard for rental. Yet, the BTA found that this property *supported* the university in two additional ways: (1) as a control zone for the university airport; and (2) by providing expanded facilities for the university's College of Agriculture. We concur in this finding of the BTA.

"Support" is a common word which does not require extraordinary construction. See R.C. 1.42. There is ample evidence in the record which leads to the conclusion that this half-acre parcel was a small part of a seventy-eight acre acquisition which was intended to and does further teaching and research in aviation and agriculture. Property used for academic purposes is certainly "used for the support of" the university.

Appellant, however, challenges only the rental of this property which, the record indicates, was a secondary use. Retaining the house avoids the additional cost of demolition. Maintaining the house and yard creates other expenses, which the rental income helps offset, and comports with the university's policy of not allowing a building to remain vacant.

Therefore, we hold that this half-acre parcel is exempt from real property tax, because appellee holds the property for the use and benefit of the Ohio State University and in support of the academic mission of the Department

of Aviation and Aeronautical and Astronautical Engineering and the College of Agriculture.[1]

Accordingly, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

CELEBREZZE, C.J., W. BROWN and J.P. CELEBREZZE, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. In my estimation, the majority opinion licenses state universities to purchase real estate investment property and hold it tax free, as it appreciates in value and rents are collected, based upon the simple claim that the entire operation inures to the benefit of the state university. As I stated in my dissent in *American Chemical Soc.* v. *Kinney* (1982), 69 Ohio St. 2d 167, 173 [23 O.O.3d 197], "[s]ince this result places a grossly unjust burden on the taxpayers of Ohio by requiring them to underwrite the lost revenue without receiving any * * * [public] benefit, I must respectfully dissent."

I am fully aware of the limited scope exercised by this court in its review of decisions of the Board of Tax Appeals. This court cannot act as a trier of fact *de novo, 3535 Salem Corp.* v. *Lindley* (1979), 58 Ohio St. 2d 210, 212 [12 O.O.3d 203], and is limited to a determination from the record whether the decision reached by the board is unreasonable or unlawful. In the present case, a close review of the record reveals no probative evidence to support the board's determination; hence, its decision was both unreasonable and unlawful and should be reversed.

Appellee claims first that the .593 acre tract occupied by the house and yard is exempt from taxation under R.C. 3345.17. That section provides, in part:

"All *property,* personal, real or mixed of the boards of trustees * * * of the state universities, * * * and of the state held for the use and benefit of any such institution, *which is used for the support of such institution,* is exempt from taxation *so long as such property is used for the support of* such university or college." (Emphasis added.)

Appellee argues that the operative language is "for the use and benefit of" rather than "used for the support of." This assertion is clearly incorrect and the majority rightly concludes that "support" is the operative test. Upon examination of the statute, the language "held for the use and benefit" comes into play only when the state, as clearly distinguished in the statute from boards of trustees, owns the property. Since the state is not the owner

---

[1] As a result of our holding that appellee's use of this property is exempt from real property taxes under R.C. 3345.17, we need not pass upon appellant's challenge to the BTA's conclusion that this property also qualifies for exemption under R.C. 5709.07.

of the land in question that phrase is irrelevant. While this conclusion is implicit in the majority opinion it should be clearly articulated to prevent future confusion. Therefore, the proper test in determining whether property owned by boards of trustees is exempt from taxation under R.C. 3345.17 is whether such property is used for the support of such institution.

I agree with the majority that " '[s]upport' is a common word which does not require extraordinary construction. See R.C. 1.42." However, the majority fails to articulate that it is the property itself which must support the university rather than the use of rents or income from such property. This intent is clear from the history of the provision. When what eventually became R.C. 3345.17 was originally introduced, as S.B. No. 271, it contained language exempting property from taxation if the rents, issues, profits, or income from the property were used exclusively for the endowment or support of the university. Subsequently, the language referring to rents, issues, profits, or income was deleted. As amended, R.C. 3345.17 entitles only such property as is used to support the university to exemption. This result is consistent with exemptions under such other sections as R.C. 5709.12 and 5709.121. *Ohio Masonic Home* v. *Bd. of Tax Appeals* (1977), 52 Ohio St. 2d 127 [6 O.O.3d 343].

The central issue is, then, whether there is evidence to support the board's conclusion that this .593 acre tract supports the university. Unfortunately, the factual posture of this case has caused some confusion and apparently misled the majority of this court. The property originally consisted of a seventy-eight acre tract of land. Of this acreage, seventy-six acres were purchased in 1968, and the university executed an option to purchase the remaining 1.993 acres with a house and outbuildings. The option was ultimately exercised by action of the Board of Trustees on December 15, 1977. It is this latter parcel which the appellant-commissioner contended was erroneously granted tax-exempt status. As the proceedings progressed, the commissioner dropped his objection to the tax-exempt status of 1.4 of the 1.993 acres. Regrettably, the evidence presented at the hearing concerned the entire 1.993 acre tract and was thus not directed specifically to the uses for which the .593 acre parcel was employed.

Appellee argues, and the majority accepts, that this .593 acre tract supported the university in three ways: first, as a control zone for the university airport; secondly, by providing expanded facilities for crop production and animal husbandry research for the College of Agriculture; and finally, because the rent money is deposited into the university's general revenue fund. It is true that the Board of Tax Appeals found such support.

However, appellee stated in the hearing that the "control zone" for the airport was merely an intent to acquire land adjacent to the airport in order to control private development of that land. The Assistant Vice President for Campus Planning and Space Utilization for the Ohio State University testified that the intention was to prevent development which might occur through private initiative and which might be inimical to the interests of the

airport itself. This was the "control zone" which the majority finds supportive of the university. Such a conclusion is patently absurd. No university has a statutory right to a tax exemption merely because it buys property in order to prevent private development thereof.

Additionally, appellee stated in the hearing that the agricultural use was to grow crops, which are used to support animal herds as part of a program in animal husbandry, and as pasture land. While this supportive use may apply to the rest of the tract, there is absolutely no evidence that crops were grown or herds grazed on the .593 acre parcel containing the rental house and its accompanying yard. In fact, the property manager for the Ohio State University admitted, on cross-examination, that only that portion of the property apart from the house and immediate yard was devoted to agricultural purposes. By its own admission appellee has stated that the .593 acre tract in dispute was not used to support the university's College of Agriculture. Therefore, there was no evidence upon which the Board of Tax Appeals could have based its finding in this regard.

The final supportive use found by the Board of Tax Appeals was the deposit of rental income into the general revenue fund. Once again, the property manager testified that the university was using the property for investment, receiving income and holding the property for long-term gain. This argument has been disposed of, *supra,* where the test was articulated that it is the use of the property itself, not the income therefrom, which gives rise to the tax exemption. Any other interpretation would allow a university to enter the realm of private enterprise for profit, construct a city of luxury apartments, and claim a tax exemption so long as the profits were paid into the general revenue fund. This is not what the General Assembly had in mind when it enacted R.C. 3345.17.

Consequently, since the record is devoid of *any* use of this .593 acre tract for the support of the Ohio State University, that land is not entitled to a tax exemption under R.C. 3345.17.

Having rejected the argument under R.C. 3345.17, I must proceed to examine appellee's further argument that the house and land are tax exempt by virtue of R.C. 5709.07. This argument is also without merit.

R.C. 5709.07 provides, in relevant part, as follows:

"* * * [P]ublic colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation."

This real property tax exemption has been construed in several cases decided by this court. As early as 1909, Ohio courts were faced with the issue of whether property of a college, used as residences, was entitled to a real property tax exemption under the predecessor to R.C. 5709.07. In *Kenyon College* v. *Schnebly* (Cir. Ct. 1909), 12 C.C.(N.S.) 1, affirmed (1909), 81 Ohio St. 514, it was decided that the purpose of the statute was "to exempt all buildings that were with *reasonable certainty* used in furthering or carrying out the necessary objects and purposes of the college." (Emphasis *sic.*) *Id.* at

5. That same case also emphasized that the property involved not be "used with a view to profit." *Id.* That this is the proper test to be used with the present R.C. 5709.07 was affirmed by this court in the landmark decision of *Denison University* v. *Bd. of Tax Appeals* (1965), 2 Ohio St. 2d 17 [31 O.O.2d 10]. Thus, in order for the trustees to prevail in the instant case, the property sought to be exempt must be used with reasonable certainty in furthering or carrying out the necessary objects and purposes of the university *and* the land must not be used with a view to profit.

Appellee accepts this test and argues first, that the property was used for the objects and purposes of the university. In doing so, appellee relies on the same factual assertions which have been previously discussed. Those assertions have already been demonstrated to be without substance. It is the use of the property itself, rather than the application of any income therefrom, which gives rise to the exemption. Leasing the property to private individuals, who are in no way connected with the Ohio State University, does not further or carry out the necessary objects and purposes of the university. Such a use of the property is commercial in nature and does nothing to effect the educational purposes of the university. Cf. *Ohio Masonic Home* v. *Bd. of Tax Appeals, supra; White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199 [67 O.O.2d 224]. The use of the property for residential purposes by these lessees is necessarily a private one, under the facts of this case, and does not further the university's necessary objects. *Jewish Hospital Assn.* v. *Bd. of Tax Appeals* (1966), 5 Ohio St. 2d 179 [34 O.O.2d 286]; *Doctors Hospital* v. *Bd. of Tax Appeals* (1962), 173 Ohio St. 283 [19 O.O.2d 154].

Appellee relies on *Denison University* v. *Bd. of Tax Appeals, supra; Miami Valley School* v. *Kinney* (1982), 69 Ohio St. 2d 134 [23 O.O.3d 173]; and *Thomas* v. *Bd. of Tax Appeals* (1966), 5 Ohio St. 2d 182 [34 O.O.2d 287], in which this court permitted exemptions from taxation for property, used for residential purposes, found to be used in furtherance of the owners' educational or public purposes. However, in each of these cases, the resident of the structure located on the property was employed by or attended the educational institution that owned the property. Moreover, activities directly related to the owners' educational functions were conducted on the property. In the present case the only relationship between the parties is that of landlord and tenant. No activities related to the university's educational purposes are conducted on the property. Thus, the cases cited by appellee are inapposite.

Furthermore, even if the property were being used to carry out the necessary objects of the university, the exemption under R.C. 5709.07 would still be unavailable because the property is clearly being held "with a view toward profit." As previously discussed, by appellee's own admission, the university is using the property for investment, receiving income and holding the property for long-term gain. As I stated in my dissent in *American Chemical Soc.* v. *Kinney,* at 174, the term "profit" is certainly broad enough

to encompass transactions where land is acquired and held with the expectation that it will appreciate in value, with the intention of realizing a substantial return on the initial investment. This property was being held with a view toward profit and is thus not entitled to a tax exemption under R.C. 5709.07.

Finally, appellee argues that the .593 acre tract is exempt under R.C. 5709.08, 5709.12 and 5709.121. Without fully exploring the details of those statutes here, I would deny the exemption for the reasons stated in my dissent in *American Chemical Soc., supra.*

For the foregoing reasons, it is my opinion that the Board of Tax Appeals' decision was completely without factual foundation, was therefore unreasonable and unlawful, and should be reversed.

CELEBREZZE, C.J., and J.P. CELEBREZZE, J., concur in the foregoing dissenting opinion.