THE STATE, FOR THE USE OF THE UNIVERSITY OF CINCINNATI, A STATE UNIVERSITY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as State, ex rel. Univ. of Cincinnati, *v.* Limbach (1990), 51 Ohio St. 3d 6.]

(No. 88-1015—Submitted February 20, 1990—Decided May 2, 1990.)

*Beckman, Weil, Shephardson & Faller* and *Joseph H. Feldhaus,* special counsel, for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Martha Jane Cooper* and *Richard C. Farrin,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Edward J. Elum, Brown, Baker, Schlageter & Craig* and *David J. Simko,* special counsel, urging affirmance for *amicus curiae* State Universities of Ohio.

*Per Curiam.* The issue before us is whether real property which is titled in the state of Ohio and held for the benefit of the University of Cincinnati, part of which is leased to private parties, is entitled to tax exemption under R.C. 3345.17. We hold that the subject property is entitled to exemption and affirm the decision of the BTA.

R.C. 3345.17 reads in pertinent part:

"All property, personal, real or mixed of the boards of trustees * * * and of the state held for the use and benefit of any such institution, which is *used for the support of* such institution, is exempt from taxation so long as such property is used for the support of such university or college." (Emphasis added.)

The exemption is available in cases where the property *supports*[1] a university. Here, the BTA found that the rent from the property goes into the university's general operating fund which is used for the support of the university and that there were plans to develop the property in a manner to serve the university's medical center or its main campus.

---

[1] Webster's Third New International Dictionary (1986) 2297, defines "support" as:

"2a(1): * * * actively promote the interest or cause of * * *

"[2][b](2): to give assistance to * * *

"3(a): to pay the costs of: maintain * * *."

In *Bd. of Trustees* v. *Kinney* (1983), 5 Ohio St. 3d 173, 174, 5 OBR 392, 449 N.E. 2d 1282, we held a half-acre parcel of a two-acre tract owned by the Ohio State University ("OSU") exempt under R.C. 3345.17, even though leased for use as a private residence, because the property was "used for the support of" the university. The same can be said of the real estate used by the University of Cincinnati. It is utilized to support the university.

There is a cogent parallel between the facts of *Bd. of Trustees, supra,* and this appeal. The OSU property was described as a "control zone" around the OSU airport. Here, the property enjoys a strategic location near the main campus and the university medical center. The OSU property served as expanded facilities for the College of Agriculture. Here it serves as expanded facilities for the College of Design, Art, Architecture and Planning. In both cases, university policy or interests opposed allowing a building to remain vacant or to be demolished, and, in both, the proceeds of the rental(s) were deposited to the university's general fund and were used for daily operational expenses. All these factors constitute support of the university in a manner consistent with R.C. 3345.17. In each case the BTA granted exemption based upon evidence in the record before it.

It is not our function to substitute our judgment for that of the BTA on factual issues, but only to determine from the record whether the decision of the BTA is unreasonable or unlawful. *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137, 64 O.O. 2d 82, 298 N.E. 2d 610, paragraph one of the syllabus. The decision of the BTA is neither unreasonable nor unlawful and is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.