WOMAN'S INTERNATIONAL BOWLING CONGRESS, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

272

(No. 70-483—Decided March 17, 1971.)

*Messrs. Knepper, White Richards & Miller* and *Mr. Milton S. Bartholomew* and *Mr. Donald A. Davies,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. C. Luther Heckman,* for appellee.

HERBERT, J. Paragraph (A) of R. C. 5741.02 provides, in part:

"For the use of the general revenue fund of the state, an excise tax is hereby levied on the *storage, use, or other consumption in this state* of tangible personal property * * *." (Emphasis added.)

In R. C. 5741.01, the General Asesmbly has provided, in pertinent part, as follows:

"As used in Sections 5741.01 to 5741.22, inclusive, of the Revised Code:

"* * *

"(B) 'Storage' means and includes any keeping or retention in this state for use or other consumption in this state.

"(C) 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used."

Appellant contends that the emblems and awards which it mails to its out-of-state members are not susceptible to a use tax because appellant, rather than purchasing such items for use in Ohio, merely stores them for use outside of this state. In effect, appellant would define the word *use* to mean the intended or the ultimate use of such property, viz. the enjoyment of these awards by the WIBC members who eventually receive them. To support this argument, appellant emphasizes that the bulk of the emblems and awards are received by it in individual envelopes which it mails to its members unopened.

That line of reasoning does not comport with the statutory definition of *use* set forth in paragraph (C) of R. C. 5741.01, *supra*, wherein the General Asesmbly defined *use* to mean and include "the exercise of *any* right or power incidental to the ownership of the thing used." (Emphasis added.)*

---

*The 1959 amendment of paragraph (C) of R. C. 5741.01 deleted certain exceptions to the definition of *use*. It is noteworthy that the exceptions which the General Assembly deleted pertained to the consumer's intended purpose with respect to the thing purchased. Any lingering doubts over the question of whether the definition of use under the Ohio use tax turns on the intended or ultimate use of the thing purchased seem to have been dispelled by this amendment. Prior to 1959, paragraph (C) of R. C. 5741.01 stated:

"(C) 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used, except as provided in this division of this section.

"When the purpose of the consumer is any of the following: (1) To resell the thing purchased in the form in which the same has been received by him; (2) To incorporate the thing purchased, as a material or a part, into tangible personal property to be produced for sale by manufacturing, assembling, processing, or refining, or

The prefatory language in R. C. 5741.01 ("As used in Sections 5741.01 to 5741.22, inclusive") leaves no doubt that the statutory definition of *use* in paragraph (C) of R. C. 5741.01 controls the meaning of the word *use* as it appears in R. C. 5741.01 (B) and R. C. 5741.02 (A). Statutory definitions of terms are controlling in the application of the statute to which such definitions pertain. *Terteling Bros.* v. *Glander* (1949), 151 Ohio St. 236, 85 N. E. 2d 379. See, also, *Baltimore & Ohio Rd. Co.* v. *Board of Revision* (1950), 152 Ohio St. 521, 533, 90 N. E. 2d 574.

The instant record contains ample probative evidence to support the decision of the board that appellant's activities with respect to the emblems and awards constituted *use*, as that term appears in paragraph (C) of R. C. 5741.-01. The only witness before the board was appellant's comptroller. He testified in great detail as to the functional operations whereby appellant administers the emblems and awards program for the WIBC membership. Appellant purchases the items in its corporate capacity;

---

to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing, refining, or mining, including without limitation the extraction from the earth of all substances which are classed geologically as minerals, production of crude oil and natural gas, farming, agriculture, horticulture, or floriculture, and persons engaged in rendering farming, agricultural, horticultural, or floricultural services, and services in the exploration for and production of crude oil and natural gas, for others are deemed engaged directly in farming, agriculture, horticulture, or floriculture, or exploration for and production of crude oil and natural gas; or directly in making retail sales or directly in the rendition of a public-utility service; (3) To hold the thing transferred as security for the performance of an obligation of the seller, or to use or consume the thing transferred directly in industrial cleaning of tangible personal property; or to use or consume the thing transferred directly in the rendition of towel and linen service or supply; such service or supply is not deemed a rental, but is deemed a personal service transaction; (4) To resell, hold, use, or consume the thing transferred as evidence of a contract of insurance; (5) To use or consume the thing directly in commercial fishing; the attainment of such a purpose shall not be considered to be a storage, a use, or a consumption of the thing purchased."

it decides how many items to purchase; its employees open original bulk packages; the employees select and commingle different items into kits and cause the items to be placed in the mail for shipment to the various leagues; and, in some cases, appellant's employees remove certain awards from their individual wrappings for special engraving work or for proper sizing before being mailed to the member-recipient.

Moreover, the appellant clearly "used" the emblems and awards purchased by it in the ordinary and everyday meaning of the word. Webster's Third New International Dictionary defines "use," *inter alia*, to mean "to put into action or service" or "to carry out a purpose or action by means of." The appellant carried out one of its signal purposes, *i. e.*, the emblems and awards program, by means of the various items which it purchased and distributed to its members.

The decision of the Board of Tax Appeals affirming the Tax Commissioner's use tax assessment against appellant, being neither unreasonable nor unlawful, must be affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.