THE TOLEDO EDISON Co., APPELLANT, *v.* GALVIN, LUCAS
COUNTY AUDITOR, ET AL., APPELLEES.

(No. 73-899—Decided May 29, 1974.)

*Mr. Donald M. Hawkins, Mr. Dennis L. Jarvela, Mr.
Thomas L. Dalrymple* and *Messrs. Fuller, Henry, Hodge
& Snyder,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mrs.
Maryann B. Gall,* for appellee Robert J. Kosydar, Tax
Commissioner.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr.
Manuel H. Ganch,* for appellee William C. Galvin, Lucas
County Auditor.

*Per Curiam.* The Board of Tax Appeals predicated its denial of appellant's application for the remission of taxes upon two statutes, R. C. 5713.20 and R. C. 5715.39.

R. C. 5713.20 provides:

"If the county auditor discovers that any building, structure, or tract of land or any lot or part of either, has been omitted from the list of real property, he shall add it to the list, with the name of the owner, and ascertain the taxable value thereof and place it opposite such property. In such case he shall add to the taxes of the current year the simple taxes of every preceding year in which such property has escaped taxation, not exceeding five years * * * ."

R. C. 5715.39, in pertinent part, provides:

"The Board of Tax Appeals and the Tax Commissioner, in the manner provided by Sections 5703.02 and 5703.05 of the Revised Code, respectively, may remit taxes and penalties thereon found by them to have been illegally assessed and penalties that have accrued because of the negligence or error of an officer required to perform a duty relating to the assessment of property for taxation or the levy or collection of taxes. The board or Tax Commissioner, as the case may be, may correct an error in an assessment of property for taxation or in the tax list or duplicate of taxes in a county."

Appellees, although aware that R. C. Chapter 5727 deals specifically with the taxation of public utility property, rely upon the broad directive in R. C. 5709.01 that "all real property in this state is subject to taxation, except only such as is expressly exempted therefrom." They assert that the mandate of R. C. 5713.20 to the county auditor, to correct errors in the real property list, is designed to further the express legislative policy that no taxable real property escape assessment. With that statement we have no quarrel. We cannot, however, agree to the final step in appellees' syllogistic argument, which is that the Lucas County auditor was empowered to assess the real property of the Toledo Edison Company.

It is not because appellees' conclusion lacks logical appeal that our judgment is otherwise; rather, our conclusion is compelled by specific statutory language, and the clear inferences to be drawn therefrom. R. C. 5713.01, read in conjunction with R. C. 5727.06 and 5727.07, reserves the exclusive power to value and assess public utility property to the Tax Commissioner. As a matter of administrative practice the commissioner designates the county auditor as his agent to value property owned by a public utility, but, pursuant to R. C. 5727.10, it is the commissioner *himself* who must finally "ascertain and assess at its true value in money all the property in this state of each public utility * * * ." Since the assessment of appellant's property was not made by the Tax Commissioner, it was unlawful.*

Appellees assert, as an alternative proposition, that the Board of Tax Appeals has independent authority, under R. C. 5715.39, to correct the assessment of appellant's property. Neither the express language, nor the overall purpose of that statute permits the Board of Tax Appeals to add unassessed public utility property to a county tax list or duplicate.

For the foregoing reasons, the decision of the Board of Tax Appeals is reversed and the cause is remanded to the board, with instructions to grant appellant's application.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*Even were we to accept the proposition that a county auditor may, in all respects, act for the commissioner, our conclusion would be unchanged. R. C. 5727.10 and 5727.16 allow corrections to be made in an initial assessment or valuation of public utility property *only* before the second Monday of July of the taxable year. The disputed correction in this case occurred on December 28, 1971, more than five months later than permitted by statute.