**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 255.]**

**BOARD OF EDUCATION OF THE CITY OF DUBLIN SCHOOL DISTRICT, APPELLANT AND CROSS-APPELLEE, *v*. LIMBACH, TAX COMMR., APPELLEE; FRIENDSHIP VILLAGE OF DUBLIN, OHIO, INC., APPELLEE AND CROSS-APPELLANT.**

**[Cite as *Dublin School Dist. Bd. of Edn. v. Limbach*, 1994-Ohio-101.]**

*Taxation—Real property—Exemption—Hospital facilities—R.C. 140.08—Board of Tax Appeals' decision unreasonable and unlawful when.*

(No. 92-1497—Submitted January 4, 1994—Decided May 11, 1994.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 89-K-23.

———————————

{¶ 1} This case involves a claim for real property tax exemption. The subject property, owned by Friendship Village of Dublin, Ohio, Inc. ("Village"), consists of two multistory buildings containing two hundred thirty-six residential apartment units, an interconnecting one-story facility licensed for skilled nursing care containing sixty beds for use by residents or nonresidents, and a common area with dining facilities, lounges, a laundry, crafts area and beauty/barber shop, situated on 20.714 acres. Phase One of the complex was constructed between 1978 and 1981. Phase Two was constructed in 1985, and the entire project was refinanced with funds acquired through hospital facilities revenue bonds authorized and issued by the Franklin County Hospital Commission ("FCHC").

{¶ 2} In a 1981 bond validation proceeding, the Common Pleas Court of Franklin County determined that the FCHC "has authority to issue" the revenue bonds "as valid special obligations" of the county, and that the existing facilities[1] "qualif[y] within the definition of 'Hospital Facilities' * * * in * * * [R.C.] 140.01."

———————————

1. In 1981, the subject property consisted of the sixty-bed nursing facility and one hundred seventy-four residential units. The school board concedes the sixty-bed nursing facility is used exclusively for purposes of "hospital facilities" and is not at issue in this appeal.

{¶ 3} On January 7, 1987, Village applied for real property tax exemption for tax year 1986. The Tax Commissioner granted the exemption, finding that the subject property was used exclusively for hospital facility purposes under former R.C. 140.08. The BTA affirmed the commissioner, and both the Board of Education of the City of Dublin School District ("school board") and Village appealed.

{¶ 4} The cause is before this court upon an appeal and cross-appeal as of right.

———————————

*Teaford, Rich, Coffman & Wheeler* and *Jeffrey A. Rich*, for appellant and cross-appellee.

*Lee Fisher*, Attorney General, *Richard C. Farrin* and *Janyce C. Katz*, Assistant Attorneys General, for appellee.

*Vorys, Sater, Seymour & Pease*, *Raymond D. Anderson* and *Tony C. Merry*, for appellee and cross-appellant.

———————————

***Per Curiam.***

{¶ 5} Ultimately, the issue is whether the BTA's decision is unreasonable or unlawful. Subsumed within that issue is whether the subject property is entitled to tax exemption as property "used * * * as hospital facilities" under former R.C.140.08.

{¶ 6} The school board first contends that the BTA erred in relying on collateral estoppel to conclude that the bond validation proceeding determined that Village is a "hospital facility" as defined in R.C. 140.01(E) because the school board was not a party to, was not served with notice of, and did not participate in, the bond validation proceeding, and because the tax exemption issue was not decided in that action.

**{¶ 7}** Ancillary to this issue, the school board on appeal contends that some parts of the subject property are used for private residential purposes under former R.C. 140.08, and not as hospital facilities, and that the commissioner should have split-listed the property under R.C. 5713.04.[2]

**{¶ 8}** The BTA's decision, that the school board is estopped from questioning whether the subject property was exempt hospital facilities, is unreasonable and unlawful. Accordingly, it is not necessary to decide the further issues of the school board's challenge of the constitutionality of former R.C. 140.08, or the claim by Village on cross-appeal that the school board lacked standing to raise constitutional questions.

**{¶ 9}** The BTA found that the issue of whether the Friendship Village complex qualified as a hospital facility was an issue to be determined by the common pleas court, and that the court had decided the complex was a hospital facility, even though it partially served residential purposes. Additionally, the BTA found the question of split-listing was likewise determinable in common pleas court, and that if the school board wanted to raise an argument about how that court's decision might have an impact on property tax exemption, it should have pursued the argument in that forum.

**{¶ 10}** Collateral estoppel does not apply in the instant appeal. In *Am. Soc. for Metals v. Limbach* (1991), 59 Ohio St.3d. 38, 39, 569 N.E.2d 1065, 1066, we set forth the basic requirements for collateral estoppel: "(1) an administrative proceeding of a judicial nature, (2) an identity of the parties, and (3) an identity of the issues." See, also, *Hooven & Allison Co. v. Lindley* (1983), 4 Ohio St.3d 169, 4 OBR 410, 447 N.E.2d 1295.

---

2. R.C. 5713.04 provides that if real property is used so that part of it "would be exempt from taxation, and the balance thereof would not be exempt from taxation, the listing thereof shall be split, and the part thereof used exclusively for an exempt purpose shall be regarded as a separate entity and be listed as exempt, and the balance thereof used for a purpose not exempt shall * * * be listed * * * and taxed accordingly."

**{¶ 11}** The 1981 common pleas court proceeding satisfies the first requirement. However, there is a failure to meet the other requirements. The school board was not named as a party, nor did it participate in that action. The issues involved in the two proceedings were not identical. The question in the 1981 common pleas court action was not whether, as here in tax year 1986, the property was tax exempt but, rather, whether the revenue bonds issued to refinance the construction of the complex were valid.

**{¶ 12}** The common pleas court held, in the bond validation proceeding, that the property to be financed with the proceeds of said bonds qualified as a hospital facility under R.C. 140.01. The common pleas court, thus, validated the bonds. There is no suggestion that the common pleas court attempted to decide the issue of real property tax exemption, or that it had, or believed it had, authority to do so.

**{¶ 13}** Collateral estoppel does not bar the school board from litigating, as it has attempted to do, the issue of whether the subject property, or some portion of it, was exempt as hospital facilities under R.C. 140.01(E).

**{¶ 14}** As to the dispositive issue herein, the test for exemption under former R.C. 140.08 is whether property is (1) owned by a "public hospital agency" as defined in R.C. 140.01 (B) or to be financed by obligations issued by a "public hospital agency" and (2) used as a "hospital facilit[y]" as defined in R.C. 140.01(E). It is not disputed that FCHC is a public hospital agency as defined in R.C. 140.01(B). The subject property was refinanced by obligations issued by a public hospital agency. However, as we stated in *Ohio Presbyterian Homes v. Kinney* (1984), 9 Ohio St..3d 90, 94, 9 OBR 319, 322-323, 459 N.E.2d 500, 504:

"This court has consistently held that 'in order for a taxpayer to derive the benefit of a statutory exemption from taxation, it must be proven that the property in question satisfies each and every requirement of the exemption statute.'" Also,

in paragraph two of the syllabus of *Woman's Internatl. Bowling Congress, Inc. v. Porterfield* (1971), 25 Ohio St.2d 271, 54 O.O.2d 383, 267 N.E.2d 781, we held:

"Where a statute defines terms used therein which are applicable to the subject matter affected by the legislation, such definition controls in the application of the statute.* * * "

{¶ 15} Under R.C. 140.01(E), "hospital facilities," *inter alia*, consists of buildings, improvements, equipment and real estate where health or hospital services, diagnosis, treatment or research is made available for sick, injured, disabled or handicapped persons. The portion of the subject property that is used for residential purposes does not meet that definition. Rather, that portion of the property appears to be typical living quarters for the personal use of residents. In addition, with regard to the residential use of the purported "hospital facilities," the term specifically includes education, training and food service facilities for health professions personnel, and housing facilities for such personnel and their families. R.C. 140.01(E). Since there is no evidence that the residents of Friendship Village were health professions personnel, the exemption does not apply to those parts of the subject property that are used for residential purposes.

{¶ 16} The BTA's decision is reversed as being unreasonable and unlawful, and the cause is remanded with instructions to the BTA to order the Tax Commissioner to determine, consistent with this opinion, what parts, if any, of the subject property are hospital facilities and thus tax exempt, and to make the appropriate split-listing of exempt and nonexempt property.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————