OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Olmsted Falls Board of Education, Appellant, v. Limbach, Tax
Commr., et al., Appellees.
[Cite as Olmsted Falls Bd. of Edn. v. Limbach (1994),
Ohio St.3d      .]
Taxation -- Real property assessment -- Senior retirement
     complex -- Tax Commissioner has authority to deputize
     county auditor to receive exemption application filings on
     the commissioner's behalf -- Hospital facility exempt
     under R.C. Chapter 140 -- Portion of property used for
     residential purposes is not "hospital facilities" and not
     entitled to exemption.
     (No. 93-1508 -- Submitted May 12, 1994 --Decided July 27,
1994.)
     Appeal from the Board of Tax Appeals, No. 90-R-971.
     The Olmsted Falls Board of Education ("Olmsted Falls"),
appellant, challenges the exemption under R.C. 140.08 of real
estate owned by Cuyahoga County and leased to Eliza Jennings,
Inc., and its wholly owned subsidiaries, Olmsted Health &
Services Corporation and Olmsted Residence Corporation ("Eliza
Jennings"), appellees.
     Eliza Jennings obtained financing for this property under
R.C. Chapter 140 to build and operate a senior retirement
complex.  The property, named the "Renaissance," contains fifty
nursing care beds, sixty assisted living beds, sixty-two one-
and two-bedroom cluster units, and ninety-seven one- and
two-bedroom apartments.  The latter two categories are
independent living quarters.
     Eliza Jennings applied for exemption for tax year 1988 by
delivering the application to the Cuyahoga County Auditor on
December 30, 1988.  The auditor set forth the taxable values of
the property on the application form and, on January 18, 1989,
recommended that the commissioner grant the exemption.  On
February 24, 1989, the Cuyahoga County Treasurer certified, on
the application, that all taxes, assessments, penalties, and
interest levied and assessed against the property had been paid
in full for tax year 1987.  Evidently, the county officials
then forwarded the application to the Tax Commissioner,
appellee, who received it on February 28, 1989.  The

commissioner granted the exemption.

Olmsted Falls contested, under R.C. 5715.27, the application and appealed, under R.C. 5717.02, the commissioner's order to the Board of Tax Appeals ("BTA").  The BTA affirmed the commissioner's order.  Among other things, the BTA found that the bond financing procedures controlled whether the property was exempt.  The BTA exempted the entire property, since the entire complex was financed as a hospital facility under R.C. Chapter 140.

The cause is before this court upon an appeal as of right.

Kolick & Kondzer and Daniel J. Kolick, for appellant.

Lee Fisher, Attorney General, and Janyce Katz, Assistant Attorney General, for appellee Tax Commissioner.

Calfee, Halter & Griswold, Mitchell G. Blair, John P. Susany and Philip J. Carino, for appellees Eliza Jennings, Inc. et al.

Per Curiam.

## A
## Procedural Issues

Olmsted Falls presents several procedural issues: (1) whether the commissioner had jurisdiction to rule on the application, (2) whether a parcel split from original parcels during the proceedings is exempt, and (3) whether the application pertained to all of another parcel.

As to the jurisdictional question, Olmsted Falls argues that the commissioner did not have jurisdiction because Eliza Jennings failed to file the application in the commissioner's office before December 31, 1988.  The appellees respond that the commissioner had authorized the county auditor to receive exemption applications and that filing the application with the auditor on December 30, 1988, satisfied the jurisdictional requisite.

R.C. 5715.27(A) permits the owner of property seeking exemption to file an application for tax exemption with the commissioner.  R.C. 5715.27(F) requires the application to be filed prior to the thirty-first day of December of the tax year for which exemption is requested, and directs the commissioner to consider the application "in accordance with procedures established by h[er]."

The commissioner argues that, under R.C. 5715.29, she is authorized to "issue such orders and instructions, not inconsistent with law, as [s]he deems necessary, as to the exercise of the powers and discharge of the duties of all officers which relate to the assessment of property and the levy and collection of taxes."  To this end, she has circulated Bulletin 19, which states that she will accept applications filed with the county auditor by December 31, even if she receives them after that date.  We agree with the commissioner that this and other statutes permit the manner of filing in this case.

Under R.C. 5703.05(K), the commissioner has the power to organize the work of the Department of Taxation to efficiently and economically administer the tax laws.  R.C. 5715.40 states:

"County auditors * * * shall perform the duties relating to the assessment of property for taxation or the levy or

collection of taxes which the department of taxation directs."

We conclude that these statutes authorize the commissioner to deputize the county auditor to receive exemption application filings on the commissioner's behalf. Accepting exemption applications relates to the assessment of property for taxation since, under R.C. 5709.01(A), all real property in Ohio is subject to taxation unless it is expressly exempted.

Moreover, in Toledo Edison Co. v. Galvin (1974), 38 Ohio St.2d 210, 212, 67 O.O. 2d 230, 231, 311 N.E.2d 897, 898, we noted that the commissioner had designated the county auditor to be his agent in certain activities, despite the commissioner's duty to finally determine the issue at hand. Thus, the commissioner had jurisdiction over the instant application.

As to parcel No. 262-05-004, which was split from the then-existing parcels Nos. 262-05-002 and 262-05-003 during the course of these proceedings, we rule that Olmsted Falls has not established that the BTA's decision was unreasonable or unlawful. Eliza Jennings listed the proposed parcel in its application, even though it did not exist as a distinct parcel at filing. In any event, the property in fact existed as a part of the then-existing parcels. Olmsted Falls' argument that Eliza Jennings could not obtain exemption for a parcel that did not exist at the filing of the application ignores the existence of the property as part of the existing parcels. Enumerating property as parcels identifies the property, and the statutes exempt property from taxation. We refuse to hypertechnically limit exemption in this case.

As to parcel No. 262-05-002, all parties agree that Eliza Jennings sought exemption for only a portion of it. The smaller portion of the parcel that contains the barn and model townhouse is to be taxed.

B

Merit issue

Finally, we turn to the merits of this case. In Dublin School Dist. Bd. of Edn. v. Limbach (1994), 69 Ohio St.3d 255, 631 N.E.2d 605, we reversed the BTA's ruling that the bond financing of a hospital facility under R.C. Chapter 140 controls how much of the facility is exempt. Instead, we held that the portion of property that is used for residential purposes is not "hospital facilities." We then directed the BTA to order the commissioner to determine what parts of the subject property are hospital facilities and exempt. We resolve the instant case in the same way.

Accordingly, we reverse the BTA's decision and remand this matter to it to delete the portion of parcel No. 262-05-002, containing the barn and model townhouse from the exemption. We further order the BTA to remand the matter to the commissioner to determine what parts, if any, of the subject property are hospital facilities and exempt, and to split-list the exempt and non-exempt property.

Decision reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.