OLMSTED FALLS BOARD OF EDUCATION, APPELLANT,
*v.* LIMBACH, TAX COMMR., ET AL., APPELLEES.

[Cite as *Olmsted Falls Bd. of Edn. v. Limbach*
(1994), 69 Ohio St.3d 686.]

(No. 93–1508—Submitted May 12, 1994—Decided July 27, 1994.)

*Kolick & Kondzer* and *Daniel J. Kolick,* for appellant.

*Lee Fisher,* Attorney General, and *Janyce Katz,* Assistant Attorney General, for appellee Tax Commissioner.

*Calfee, Halter & Griswold, Mitchell G. Blair, John P. Susany* and *Philip J. Carino,* for appellees Eliza Jennings, Inc. et al.

*Per Curiam.*

## A

### Procedural Issues

Olmsted Falls presents several procedural issues: (1) whether the commissioner had jurisdiction to rule on the application, (2) whether a parcel split from original parcels during the proceedings is exempt, and (3) whether the application pertained to all of another parcel.

As to the jurisdictional question, Olmsted Falls argues that the commissioner did not have jurisdiction because Eliza Jennings failed to file the application in

the commissioner's office before December 31, 1988. The appellees respond that the commissioner had authorized the county auditor to receive exemption applications and that filing the application with the auditor on December 30, 1988, satisfied the jurisdictional requisite.

R.C. 5715.27(A) permits the owner of property seeking exemption to file an application for tax exemption with the commissioner. R.C. 5715.27(F) requires the application to be filed prior to the thirty-first day of December of the tax year for which exemption is requested, and directs the commissioner to consider the application "in accordance with procedures established by h[er]."

The commissioner argues that, under R.C. 5715.29, she is authorized to "issue such orders and instructions, not inconsistent with law, as [s]he deems necessary, as to the exercise of the powers and the discharge of the duties of all officers which relate to the assessment of property and the levy and collection of taxes." To this end, she has circulated Bulletin 19, which states that she will accept applications filed with the county auditor by December 31, even if she receives them after that date. We agree with the commissioner that this and other statutes permit the manner of filing in this case.

Under R.C. 5703.05(K), the commissioner has the power to organize the work of the Department of Taxation to efficiently and economically administer the tax laws. R.C. 5715.40 states:

"County auditors * * * shall perform the duties relating to the assessment of property for taxation or the levy or collection of taxes which the department of taxation directs."

We conclude that these statutes authorize the commissioner to deputize the county auditor to receive exemption application filings on the commissioner's behalf. Accepting exemption applications relates to the assessment of property for taxation since, under R.C. 5709.01(A), all real property in Ohio is subject to taxation unless it is expressly exempted.

Moreover, in *Toledo Edison Co. v. Galvin* (1974), 38 Ohio St.2d 210, 212, 67 O.O.2d 230, 231, 311 N.E.2d 897, 898, we noted that the commissioner had designated the county auditor to be his agent in certain activities, despite the commissioner's duty to finally determine the issue at hand. Thus, the commissioner had jurisdiction over the instant application.

As to parcel No. 262–05–004, which was split from the then-existing parcels Nos. 262–05–002 and 262–05–003 during the course of these proceedings, we rule that Olmsted Falls has not established that the BTA's decision was unreasonable or unlawful. Eliza Jennings listed the proposed parcel in its application, even though it did not exist as a distinct parcel at filing. In any event, the property in fact existed as a part of the then-existing parcels. Olmsted Falls' argument that

Eliza Jennings could not obtain exemption for a parcel that did not exist at the filing of the application ignores the existence of the property as part of the existing parcels. Enumerating property as parcels identifies the property, and the statutes exempt property from taxation. We refuse to hypertechnically limit exemption in this case.

As to parcel No. 262–05–002, all parties agree that Eliza Jennings sought exemption for only a portion of it. The smaller portion of the parcel that contains the barn and model townhouse is to be taxed.

## B

### Merit issue

Finally, we turn to the merits of this case. In *Dublin School Dist. Bd. of Edn. v. Limbach* (1994), 69 Ohio St.3d 255, 631 N.E.2d 604, we reversed the BTA's ruling that the bond financing of a hospital facility under R.C. Chapter 140 controls how much of the facility is exempt. Instead, we held that the portion of property that is used for residential purposes is not "hospital facilities." We then directed the BTA to order the commissioner to determine what parts of the subject property are hospital facilities and exempt. We resolve the instant case in the same way.

Accordingly, we reverse the BTA's decision and remand this matter to it to delete the portion of parcel No. 262–05–002, containing the barn and model townhouse from the exemption. We further order the BTA to remand the matter to the commissioner to determine what parts, if any, of the subject property are hospital facilities and exempt, and to split-list the exempt and non-exempt property.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.