JUDSON RETIREMENT COMMUNITY, APPELLEE,
*v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Judson Retirement Community v. Limbach* (1994), 70 Ohio St.3d 239.]

(No. 92–2422—Submitted April 14, 1994—Decided September 14, 1994.)

*Schneider, Smeltz, Ranney & LaFond, James D. Vail* and *Birgit Pedersen,* for appellee.

*Lee Fisher,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellant.

---

*Per Curiam.* The Tax Commissioner, appellant, contends the BTA erred in finding that the independent living complex and the parking garage at Judson Park were entitled to exemption from real property taxation under R.C. 140.08, since those buildings were "hospital facilities" as defined by R.C. 140.01(E), and that the BTA should have based its determination on whether those renovations were financed in whole or in part by the R.C. Chapter 140 bonds.

Appellant initially asserted also that the BTA erred in finding "that the Tax Commissioner was collaterally estopped from holding that the independent living facility and parking garage[ ] at Judson Park were not entitled to an exemption from real property taxation under R.C. 140.08." However, at oral argument herein, both parties conceded the inapplicability of collateral estoppel.

In light of our conclusion that the determinative issue is whether the subject property was used as hospital facilities, appellant's contention with regard to the financing of the renovations with R.C. Chapter 140 bonds becomes academic. Accordingly, there is no significance to the fact that the proceeds of the revenue bonds were used entirely to renovate the Judson Manor portion of Judson Retirement Community.

On the basis of *Dublin School Dist. Bd. of Edn. v. Limbach* (1994), 69 Ohio St.3d 255, 631 N.E.2d 604, the BTA's decision is reversed and the cause is remanded to the BTA with instructions to order the Tax Commissioner to determine whether the independent living facility and the parking garage at Judson Park were used as "hospital facilities" as defined in R.C. 140.01(E), and were, therefore, entitled to exemption.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.