[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 239.]

JUDSON RETIREMENT COMMUNITY, APPELLEE, *v*. LIMBACH, TAX COMMR.,
APPELLANT.

[Cite as *Judson Retirement Community v. Limbach*, 1994-Ohio-534.]

*Taxation—Real property—Appeal from Board of Tax Appeals' decision granting exemption remanded for determination of whether independent living facility and parking garage are used as "hospital facilities" as defined in R.C. 140.01(E) and therefore entitled to exemption.*

(No. 92-2422—Submitted April 14, 1994—Decided September 14, 1994.)

APPEAL from the Board of Tax Appeals, No. 90-H-1442.

———————————

{¶ 1} Judson Retirement Community ("JRC") provides independent living, assisted living, and nursing care for the elderly, at its two facilities, Judson Park, situated partly in Cleveland and partly in Cleveland Heights, Ohio, and Judson Manor, located in Cleveland.

{¶ 2} The Common Pleas Court of Cuyahoga County, in a bond validation proceeding, approved the issuance of hospital facility revenue bonds by the Board of Commissioners of Cuyahoga County under R.C. Chapter 140, for the renovation and improvement of Judson Manor. The bonds were secured by a mortgage on all JRC's property, Judson Park as well as Judson Manor. The court also determined that all JRC's property was used as hospital facilities.

{¶ 3} JRC applied for real property tax exemption for its facilities under R.C. 140.08 for tax year 1990. The Tax Commissioner granted exemption for part of JRC's facilities but determined that the ten-story independent living facility and the parking garage located at Judson Park were not entitled to exemption. JRC appealed to the Board of Tax Appeals ("BTA") and, following a hearing, the BTA reversed the Tax Commissioner and granted exemption for the disputed property.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

_____

*Schneider, Smeltz, Ranney & LaFond*, *James D. Vail* and *Birgit Pedersen*, for appellee.

*Lee Fisher*, Attorney General, and *Janyce C. Katz*, Assistant Attorney General, for appellant.

_____

**Per Curiam.**

**{¶ 5}** The Tax Commissioner, appellant, contends the BTA erred in finding that the independent living complex and the parking garage at Judson Park were entitled to exemption from real property taxation under R.C. 140.08, since those buildings were "hospital facilities" as defined by R.C. 140.01(E), and that the BTA should have based its determination on whether those renovations were financed in whole or in part by the R.C. Chapter 140 bonds.

**{¶ 6}** Appellant initially asserted also that the BTA erred in finding "that the Tax Commissioner was collaterally estopped from holding that the independent living facility and parking garage[ ] at Judson Park were not entitled to an exemption from real property taxation under R.C. 140.08." However, at oral argument herein, both parties conceded the inapplicability of collateral estoppel.

**{¶ 7}** In light of our conclusion that the determinative issue is whether the subject property was used as hospital facilities, appellant's contention with regard to the financing of the renovations with R.C. Chapter 140 bonds becomes academic. Accordingly, there is no significance to the fact that the proceeds of the revenue bonds were used entirely to renovate the Judson Manor portion of Judson Retirement Community.

**{¶ 8}** On the basis of *Dublin School Dist. Bd. of Edn. v. Limbach* (1994), 69 Ohio St.3d 255, 631 N.E.2d 604, the BTA's decision is reversed and the cause is remanded to the BTA with instructions to order the Tax Commissioner to determine

whether the independent living facility and the parking garage at Judson Park were used as "hospital facilities" as defined in R.C. 140.01(E), and were, therefore, entitled to exemption.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____