OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Lutheran Social Services of the Miami Valley, Appellee, v. Limbach (Tracy), Tax Commr., Appellant.
[Cite as Lutheran Social Serv. of Miami Valley v. Limbach (1994),    Ohio St.3d    .]
Taxation -- Real property -- Continuing care retirement community exempt from taxation when determined to be a hospital facility owned by a public hospital agency under R.C. 140.08.
(No. 93-1324 -- Submitted July 8, 1994 -- Decided December 20, 1994.)
Appeal from the Board of Tax Appeals, No. 90-Z-530.
Appellee, Lutheran Social Services of the Miami Valley ("Lutheran Services"), filed an application for exemption for tax year 1988, under R.C. 140.08, of real property it operates, known as Bethany Lutheran Village ("Bethany Village"). Bethany Village is a continuing care retirement community located on 98.859 acres of land in Centerville, Ohio.
To secure financing, with R.C. Chapter 140 health care revenue bonds, for the renovation of existing facilities and for new construction at Bethany Village, Lutheran Services transferred its title to the property to the city of Centerville. Next, Lutheran Services leased the property from Centerville. Centerville and Lutheran Services then executed an open-end mortgage and security agreement with Central Trust Company, N.A. and National City Bank which, referring to the lease, covered specifically "the acquisition, construction and installation of improvements to * * * the Project Site * * * 38 cottage apartments, 60 congregate care units, 40 assisted living units, Health Care Center renovations and all related improvements."
In considering the application for exemption of real property, the Tax Commissioner, appellant, ordered a split listing of the property under R.C. 5713.04, and exempted only "property actually constructed or improved with the health care bond money," i.e., "[t]he two story health care center, the two

story assisted living facility, the three story congregate care apartment building and the land upon which each is built; the thirty-eight cottage apartments * * * , the driveway through these apartments, sidewalks and attached land."  The remainder of the property at Bethany Village was to remain on the tax list.

Lutheran Services appealed the commissioner's partial denial of the exemption to the Board of Tax Appeals ("BTA"). The BTA reversed the commissioner's order and exempted all the property at Bethany Village.

The cause is now before this court on appeal as of right.

Jones, Day, Reavis & Pogue, Maryann B. Gall and Jeffrey S. Sutton, for appellee.

Lee Fisher, Attorney General, and Janyce C. Katz, Assistant Attorney General, for appellant.

Per Curiam. The decision of the BTA is neither unreasonable nor unlawful and it is affirmed, but for reasons other than those assigned by the BTA.

The BTA found that  "R.C. 140.08 exempts the whole of a hospital facility when a part of that facility is constructed or improved with bond financing."  The BTA concluded that Bethany Village is a hospital facility owned by a public hospital agency and is exempt.  The BTA also found:  "* * *  it became unnecessary for the Tax Commissioner to focus on the method of financing  * * *  [and] the statute exempts all hospital facilities even when partially financed by health care revenue bonds."  This latter finding is paramount because it is the sole issue challenged by the commissioner in his appeal to this court.

Appellant might have prevailed on the basis of our holdings in Dublin School Dist. Bd. of Edn. v. Limbach (1994), 69 Ohio St.3d 255, 631 N.E. 2d 604 and Judson Retirement Community v. Limbach (1994), 70 Ohio St.3d 239, 638 N.E.2d 546.

R.C. 140.08 exempts "all hospital facilities purchased, acquired, constructed, or owned by a public hospital agency, or financed in whole or in part by obligations issued by a public hospital agency * * *."  The BTA was correct in deciding that Centerville was, by definition, a public hospital agency and that the first requirement for exemption was satisfied, because the property was "owned by a public hospital agency."

Under Dublin it then became necessary to determine whether the property was used in whole or in part as hospital facilities, i.e., whether the applicant, as a public hospital agency which owned the subject property, qualified for the exemption on the basis that since part of the "campus" was financed, the entire campus was exempt from taxation.

In his brief, the commissioner emphasized the financial aspect of the improvements to Bethany Village, i.e., subjecting them to a mortgage.  However, neither the notice of appeal nor the brief raised the issue of whether the disputed parts of the property were used as hospital facilities.  Thus, we cannot now address that issue and, accordingly, the decision of the BTA must stand.

For the foregoing reasons the decision of the BTA is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.