Lutheran Social Services of the Miami Valley, Appellee,
*v.* Limbach (Tracy), Tax Commr., Appellant.

[Cite as *Lutheran Social Serv. of the Miami Valley
v. Limbach* (1994), 71 Ohio St.3d 212.]

(No. 93–1324—Submitted July 8, 1994—Decided December 20, 1994.)

*Jones, Day, Reavis & Pogue, Maryann B. Gall* and *Jeffrey S. Sutton,* for appellee.

*Lee Fisher,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellant.

---

*Per Curiam.* The decision of the BTA is neither unreasonable nor unlawful and it is affirmed, but for reasons other than those assigned by the BTA.

The BTA found that "R.C. 140.08 exempts the whole of a hospital facility when a part of that facility is constructed or improved with bond financing." The BTA concluded that Bethany Village is a hospital facility owned by a public hospital agency and is exempt. The BTA also found: " * * * it became unnecessary for the Tax Commissioner to focus on the method of financing * * * [and] the statute exempts all hospital facilities even when partially financed by health care revenue bonds." This latter finding is paramount because it is the sole issue challenged by the commissioner in his appeal to this court.

Appellant might have prevailed on the basis of our holdings in *Dublin School Dist. Bd. of Edn. v. Limbach* (1994), 69 Ohio St.3d 255, 631 N.E.2d 604, and *Judson Retirement Community v. Limbach* (1994), 70 Ohio St.3d 239, 638 N.E.2d 546.

R.C. 140.08 exempts "all hospital facilities purchased, acquired, constructed, or owned by a public hospital agency, or financed in whole or in part by obligations issued by a public hospital agency * * *." The BTA was correct in deciding that Centerville was, by definition, a public hospital agency and that the first requirement for exemption was satisfied, because the property was "owned by a public hospital agency."

Under *Dublin* it then became necessary to determine whether the property was used in whole or in part as hospital facilities, *i.e.,* whether the applicant, as a public hospital agency which owned the subject property, qualified for the exemption on the basis that since part of the "campus" was financed, the entire campus was exempt from taxation.

In his brief, the commissioner emphasized the financial aspect of the improvements to Bethany Village, *i.e.,* subjecting them to a mortgage. However, neither the notice of appeal nor the brief raised the issue of whether the disputed parts of the property were used as hospital facilities. Thus, we cannot now address that issue and, accordingly, the decision of the BTA must stand.

For the foregoing reasons the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.