This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio ("the State"), appeals the decision of the Medina County Court of Common Pleas, which granted the motion to suppress of Defendant, John A. Chandler. We affirm.
On May 21, 2000, an Ohio State Highway Patrolman stopped Defendant's vehicle for lack of a front license plate. The officer subsequently located a knife and a quantity of marijuana in Defendant's vehicle. The Medina County Grand Jury indicted Defendant with carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree due to Defendant's prior conviction for carrying a concealed weapon. It also appears that Defendant was charged with some misdemeanor offenses in the Medina Municipal Court as a result of the same traffic stop; however, the municipal court record was not provided to this court for review.
On August 30, 2000, Defendant moved to suppress the evidence in the court of common pleas with regard to the felony charge. At some point, Defendant also moved to suppress the evidence in the municipal court with regard to the misdemeanor charges. The municipal court held a hearing and on November 14, 2000, it granted Defendant's motion to suppress all evidence seized from the vehicle and statements made after Defendant was placed into custody. Subsequently, Defendant moved the court of common pleas to grant the previously filed motion to suppress based on the doctrine of res judicata. The court granted the motion, finding that it was bound by the earlier municipal court ruling. The State timely appealed, raising one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred in finding that it was bound by the earlier ruling of the municipal court, which granted [Defendant's] motion to suppress evidence in the minor misdemeanor case arising out of the same traffic stop, and further erred in granting [Defendant's] motion to suppress in the felony case below on that basis.
The State argues that the trial court erred (1) in concluding that it was bound by the ruling of the Medina Municipal Court, which granted Defendant's motion to suppress, and (2) in granting Defendant's motion to suppress in the court of common pleas on that basis. We disagree.
A determination of whether the doctrine of res judicata or collateral estoppel applies is a question of law which an appellate court must resolve without deference to the decision of the trial court. Ray v.Stepp (Aug. 4, 1995), Jackson App. No. 95CA758, unreported, 1995 Ohio App. LEXIS 3323, at *7. Accordingly, we must conduct a de novo review of the issue in order to resolve the State's assignment of error. SeeDublin School Dist. Bd. of Edn. v. Limbach (1994), 69 Ohio St.3d 255,257-258 (conducting a de novo review of whether collateral estoppel/issue preclusion applied without specifically stating its standard of review).
The doctrine of res judicata is comprised of two branches: claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 381. According to the United States Supreme Court, issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Emphasis added). Ashe v. Swenson (1973), 397 U.S. 436,443, 25 L.Ed.2d 469, 475. The Ohio Supreme Court similarly expressed inHicks v. De La Cruz (1977), 52 Ohio St.2d 71, 74, as follows:
 The modern view of res judicata embraces the doctrine of [issue preclusion], which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
(Emphasis added). Therefore, once a court of competent jurisdiction has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation. Montana v. United States
(1979), 440 U.S. 147, 153, 59 L.Ed.2d 210, 217.
A "final judgment" is "one which determines the merits of the case and makes an end to it." State ex rel. Curran v. Brookes (1943),142 Ohio St. 107, 110. Additionally, in Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 214, this court defined a "final judgment" as:
 one which operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of court and must be final in all matters within the pleadings.
In the instant case, the State's argument hinges upon an evaluation of the municipal court record to determine whether there was a final judgment in that forum, as is required for issue preclusion to apply. In accordance with App.R. 9(B), it is the duty of the party appealing to ensure that the record, or whatever portions thereof are necessary for the determination of an appeal, are filed with the court in which he seeks review. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19; see, also, Loc.R. 5(A). In absence of those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
The appellate record contains the municipal court's order which granted Defendant's motion to suppress. This order, alone, does not determine the merits of the case, put the case out of court, or dispose of any charges which were pending against Defendant in the case. Other than that order, the remaining municipal court record, including the required final judgment, is not part of the record on appeal. In its absence, we are unable to evaluate the prerequisite to the application of issue preclusion; that is, that the issue in question was determined by a valid and final judgment in the municipal court and that the determination was essential to that judgment. Consequently, we must presume the validity of the lower court's proceedings. We cannot say that the court of common pleas erred in finding that it was bound by the ruling of the municipal court regarding the motion to suppress. Accordingly, the State's assignment of error is overruled.
The State's sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
SLABY, J. and CARR, J. concur.