DECISION *Page 2 
{¶ 1} Defendant-appellee Matthew Clements was charged with attempted possession of crack cocaine in violation of R.C. 2923.02, after he drove into the Over-the-Rhine section of Cincinnati and purchased what he now believes to have been a macadamia nut. He was also cited for a violation of Cincinnati Municipal Code ("CMC") 759-4, a civil offense that prohibits the use of a motor vehicle to facilitate the attempted commission of a crime involving drugs.
 {¶ 2} Clements admitted to the civil violation and paid a $500 fine. He then filed a motion to dismiss the misdemeanor charge on double-jeopardy grounds. During oral argument before the trial court, Clements cited the additional ground that pursuing both charges was prohibited by CMC 1501-1, which provides that "[c]harging a person with a civil offense is an alternative to criminal prosecution. A person may not be charged with a civil offense if that person has been charged with a misdemeanor for the same offense." He argued that this section of the municipal code foreclosed prosecution under R.C. 2923.02 since he had been civilly sanctioned under CMC 759-4.
 {¶ 3} At the conclusion of the hearing, the trial court noted that it had just addressed the double-jeopardy issue in another case, State v.Lyons, which was at that point pending before this court.[1] The trial court dismissed the charge against Clements, ruling that the criminal prosecution placed him in double jeopardy. The court gave the same reasons it had given in the Lyons case and did not mention Clements's argument under CMC 1501-1. *Page 3 
 {¶ 4} During the pendency of this appeal, this court released its decision in Lyons. In it, we held that seeking a civil sanction under CMC 759-4 and pursuing a prosecution under R.C. 2923.02 do not constitute a violation of the Double Jeopardy Clause.[2] The parties herein agree that Lyons is dispositive of that issue.
 {¶ 5} Under Lyons, therefore, the decision of the trial court was incorrect. Nonetheless, we would be compelled to affirm the decision below if we were to agree with Clements's argument regarding CMC 1501-1. "A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof."[3]
 {¶ 6} In pertinent part, CMC 1501-1 states that "[c]harging a person with a civil offense is an alternative to criminal prosecution. A person may not be charged with a civil offense if that person has been charged with a misdemeanor for the same offense."[4] Clements argues that R.C.2923.02 and CMC 759-4 involve the same offense for purposes of CMC 1501-1. The city argues that they do not. On review, we agree with the city.
 {¶ 7} When considering the interpretation of an ordinance, this court applies the same rules that apply to the interpretation of statutes.[5] For this reason, "definitions of terms are controlling in the application of the statute to which such definitions pertain."[6]
CMC 902-1 states that "[a]n offense is defined when one or more sectionsof the Cincinnati Municipal Code state a positive prohibition or enjoin *Page 4 
a specific duty."[7] CMC Chapter 902 applies to the entire Cincinnati Municipal Code.[8] Thus, reading CMC 902-1 in conjunction with CMC 1501-1, we conclude that a person may not be charged with a civil offense if that person has been charged with a misdemeanor for violating the same section of the Cincinnati Municipal Code.
 {¶ 8} This conclusion is buttressed when we consider CMC 1501-1 in the context of CMC Chapter 1501 generally. "[Interpretation starts and ends with the words chosen by the legislature, but is not limited to the words alone, because the whole context of the enactment must be considered."[9]
 {¶ 9} CMC Chapter 1501 sets forth a series of classes of "civil offenses."[10] Each of these classifying sections begins, "A person who violates a standard of conduct set forth in a section or chapter of the Cincinnati Municipal Code listed below is liable for a civil fine specified in § 1501-99 for a Class [A, B, C, D, E, or, F] Civil Offense." Each section then provides a table listing sections and chapters in the Cincinnati Municipal Code.
 {¶ 10} This court has reviewed each of the listed sections and chapters within CMC Chapter 1501, which consist of over 157 offenses. The vast majority of the sections and chapters listed in CMC 1501 involve misdemeanors. Thus, a person who violates one of these sections of the Cincinnati Municipal Code commits both a misdemeanor and a civil offense. It is this situation that is addressed in CMC 1501-1. In other words, the person can be subject to either a civil or a criminal penalty for committing the same offense. *Page 5 
 {¶ 11} In this case, Clements was not charged with a misdemeanor for violating CMC 759-4. He was charged with a misdemeanor for violating R.C. 2923.02 — an offense under the Ohio Revised Code. Since Clements was not charged with a misdemeanor under the Cincinnati Municipal Code, it stands to reason that he was not charged with the "same offense" both civilly and criminally.
 {¶ 12} Even absent this plain reading of CMC 1501-1, this court would still be compelled to reject Clements's argument. CMC 759-4 states that "[n]o person shall operate or use or permit another to operate or use a motor vehicle to facilitate the commission or attempted commission of a crime involving possession, delivery, transportation, purchase or sale of illegal drugs * * * ." While the attempted possession of crack cocaine may certainly be an element of the offense, the gist of the offense is the use of a motor vehicle in the commission of the attempt. This element is wholly lacking in the attempted-possession offense. In fact, the owner of a vehicle that is used in the commission of the attempt can be cited under the ordinance without being present for or participating in any way in the commission of the underlying attempted possession. Since there are elements in CMC 759-4 that are not present in a charge of attempted possession of crack cocaine,[11] the two cannot be the same offense.
 {¶ 13} Clements argues that CMC 1501-1 "defeats any possible argument that it is acceptable for the City to pursue both civil and criminal remedies for the same conduct." Had CMC 1501-1 prohibited civil and criminal prosecution for the same "conduct," we might be compelled to agree. However, it is clear that the intent was *Page 6 
to create an alternative to criminal prosecution for violating the same section of the municipal code.
 {¶ 14} For these reasons, we hold that the limiting language in CMC 1501-1 that refers to "the same offense" did not preclude the city from prosecuting Clements under R.C. 2923.02 while also seeking a civil sanction against him for violating CMC 759-4.
 {¶ 15} The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with the terms of this Decision.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.
[1] State v. Lyons, 1st Dist. No. C060448, 2007-Ohio-652.
[2] Id. at ¶ 19.
[3] Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96;551 N.E.2d 172, citing Agricultural Ins. Co. v. Constantine (1944),144 Ohio St. 275, 284, 58 N.E.2d 658.
[4] CMC 1501-1 (emphasis added).
[5] See State ex rel. Allerton Parking Corp. v. Cleveland (1965), 4 Ohio App.2d 57, 62, 211 N.E.2d 203.
[6] Woman's Bowling Congress v. Porterfield (1971), 25 Ohio St.2d 271,275, 267 N.E.2d 781, citing Terteling Bros. v. Glander (1949),151 Ohio St. 236, 85 N.E.2d 379.
[7] CMC 902-1 (emphasis added).
[8] See CMC 902-17 ("The provisions of this chapter shall apply to ordinances hereafter passed amending any section of the CincinnatiMunicipal Code or ordaining supplementary sections." [Emphasis added.]).
[9] State v. Cravens (1988), 42 Ohio App.3d 69, 72,536 N.E.2d 686.
[10] CMC 1501-3 to 1501-12.
[11] R.C. 2923.02. *Page 1