THE OHIO MASONIC HOME, APPELLANT, *v.* BOARD OF TAX
APPEALS, APPELLEE.

(No. 77-177—Decided December 7, 1977.)

128

*Messrs. Martin, Browne, Hull & Harper* and *Mr. Bitner Browne,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

*Per Curiam.* Appellant seeks exemption from property taxation primarily under R. C. 5709.12, which, in pertinent part, provides:

"*Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation.* All property owned and used by a non-profit organization exclusively for a home for the aged, as defined in Section 5701.13 of the Revised Code, shall also be exempt from taxation." (Emphasis added.)

R. C. 5709.121, effective October 24, 1969, defines the statutory phrase "used exclusively for charitable or public purposes," as follows:

"Real property and tangible personal property belonging to a charitable or educational institution or to the state or a political subdivision, shall be considered as used exclusively for charitable or public purposes by such institution, the state, or political subdivision, if it is either:

"(A) * * *

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit."

In the instant cause, a charitable institution is the owner and a non-charitable entity the user of the subject property. There are actually two users of the property, the farm management agency and the tenant farmer.

In considering the requirements of R. C. 5709.121(B), this court stated in *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 201, that:

"The rationale justifying a tax exemption is that there is a present benefit to the general public from the operation of the charitable institution sufficient to justify the loss of tax revenue. *Philada Home Fund* v. *Board of Tax Appeals* (1966), 5 Ohio St. 2d 135, 139. Exemption is the exception to the rule, and statutes granting exemptions are strictly construed. This court's duty is limited to determining whether the decision of the Board of Tax Appeals was unreasonable or unlawful."

Further, in *White Cross Hospital Assn.* v. *Bd. of Tax Appeals, supra,* at page 200, this court reiterated and affirmed the language of the Board of Tax Appeals which discussed the exemption of a medical building rented to the hospital's staff members:

"There is no evidence of any charitable activity being carried on in this building. Admittedly, it is a convenient arrangement and no doubt is beneficial in some respect to the operation of the hospital, *but the use of this property is a commercial use and it is not within the purview of R. C. 5709.121.*" (Emphasis added.)

Recently, in *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122, this court, at page 125, established the following three-pronged test:

"To fall within the terms of R. C. 5709.121, property must (1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available 'for use in furtherance of or incidental to' the institution's 'charitable * * * or public purposes,' and (3) *not be made available with a view to profit.*" (Emphasis added.)

It is evident that although the appellant uses a farm

manager and a tenant farmer to perform all the activities that take place on the subject property, the property remains under the direction and control of the appellant.

The second tier of the test presents a substantial problem with regard to appellant's position. It requires "use in furtherance of or incidental to" the charitable purpose of the institution. Appellant's purpose is not to farm land, but rather to provide and maintain a place for the care of the aged. The counterargument is that the subject land is farmed to produce income which is used "in the furtherance of" the appellant's purpose. Nevertheless, farming remains functionally removed from appellant's charitable purpose.

With respect to the third requirement that the property not be used with a view to profit we note the land in question was accquired in 1969 to generate income rather than to add to the institution's facilities; it is now farmed to produce a profit. Even though the net income is eventually used by appellant for its charitable purpose, this farming activity is not in furtherance of or incidental to the function of a home for the aged which is the appellant's charitable purpose. The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., dissents.

HERBERT, J., dissents on the basis of his dissenting opinion in *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 205.