SEVEN HILLS SCHOOLS, APPELLANT, *v.* KINNEY, COMMR., APPELLEE.

[Cite as Seven Hills Schools *v.* Kinney (1986), 28 Ohio St. 3d 186.]

(No. 86-630—Decided December 26, 1986.)

*Taft, Stettinius & Hollister* and *Daniel J. Hoffheimer,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* The issue before us is whether the property in question is entitled to tax-exempt status pursuant to R.C. 5709.07, 5709.12, and 5709.121(A) and (B). For the reasons to follow we affirm the BTA and deny the exemption.

The standard of review in this instance is well-established. Exemption is the exception to the rule and statutes granting exemptions are strictly construed. Our duty is limited to determination of whether the decision of

the Board of Tax Appeals was unreasonable or unlawful. *Ohio Masonic Home* v. *Bd. of Tax Appeals* (1977), 52 Ohio St. 2d 127, 129 [6 O.O.3d 343]; *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 201 [67 O.O.2d 224].

R.C. 5709.07 allows exempt status for buildings and land owned by public schoolhouses that are not used with a view to profit. R.C. 5709.12 exempts from taxation real property belonging to institutions that is used exclusively for charitable purposes. R.C. 5709.121 sets forth the definition of exclusive use for charitable or public purposes as either one of the following:

"[A] (1) As a community or area center in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein;

"(2) For other charitable, educational, or public purposes;

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit."

Appellant's arguments involve all three of these statutes. The essential point of these arguments is that the questioned property is not being operated with a view to profit but is actually run to serve the incidental function of converting property to cash which, in turn, is used to support scholarships of the school, a charitable organization.

In *Ohio Masonic Home, supra,* this court dealt with the question of what may constitute "in furtherance of" the taxpayer's purpose. In *Ohio Masonic Home,* a charitable institution—a home for the care of the aged—owned a farm. The proceeds from the income derived from the farm were used, in part, for the care of the home's residents. This court concluded that the farm was taxable because "* * * [a]ppellant's purpose is not to farm land, but rather to provide and maintain a place for the care of the aged * * * [and that] [f]arming remains functionally removed from appellant's charitable purpose." *Id.* at 130. The instant cause is analogous to *Ohio Masonic Home* because appellant's purpose is to be an educational institution and not a clothing distribution center.[1] Thus, the educational or charitable function is removed from the property in question.

Appellant also contends that the property is not for "profit." We do not agree. Citing Webster's New International Dictionary (2d Ed. Unabr. 1960), appellant posits that profit "in the meaning most pertinent here" is " '[t]he excess of returns over expenditure in a given transaction or series

---

[1] It is the ongoing operation of the clothing exchange as a business venture, apart from any educational purpose, that is fatal to appellant's exemption request. Thus, we are not presented with a situation where it is claimed that the business venture is integrally related to a marketing or business course at an educational facility. Our decision should not be construed as impacting upon traditional fundraising events such as church or school book sales, or bake sales.

of transactions [and] [t]he excess of the price received over the price paid for the goods sold.' " Because the clothing was donated, appellant argues that the store merely exchanges value for value and no "return" is received. Appellant fails, however, to utilize the full definition set forth which describes profit as "[t]he excess of the price received over the cost of purchasing and handling, or of producing and marketing, particular goods," and "[e]xcess of income over expenditure, as in a business or any of its departments, during a given period of time." While we can sympathize with appellant's desire to limit the term "profit" to its narrowest definition that will preclude application herein, we are compelled, under our general review standard that "exemptions are the exception to the rule," to give wider scope to the definition of profit. Although the clothing may be donated for free, selling the clothing involves costs (*e.g.,* salary of sales staff) offset by the proceeds. The excess which remains after such handling costs, although the clothing may cost nothing to purchase, must surely be construed as profit. The legislature is of course free to define profit in any manner it sees fit. Absent such definition we are obliged to use the ordinary meaning of the word which clearly applies to the revenues received by appellant herein.

Accordingly, we hold that R.C. 5709.07, 5709.12, and 5709.121(A) and (B) were neither unreasonably nor unlawfully construed by the board in the instant case and we therefore affirm that decision.

*Decision affirmed.*

CELEBREZZE, C.J., LOCHER, C. BROWN and WRIGHT, JJ., concur.

SWEENEY, HOLMES and DOUGLAS, JJ., dissent.

HOLMES, J., dissenting.  I cannot agree with the majority's analysis of the relevant statutes and case law as applied to the facts of this case. The clothing exchange appears to be a necessary adjunct to the continued vitality of this school which operates to educate Ohio's children. The exchange should have received tax-exempt status under the statute. Accordingly, I must dissent.

The school is the successor in interest to two predecessor educational and non-profit organizations which were the College Preparatory School for Girls and the Hillsdale-Lotspeich School. In *College Preparatory School for Girls* v. *Evatt* (1945), 144 Ohio St. 408 [29 O.O. 574], paragraph two of the syllabus, we determined such school to be a charitable institution and "used exclusively for charitable purposes." Since appellant carries out the same educational mission in the same manner, it also should be considered a charitable institution.

The present school is open to the public without regard to race, religion, sex, or nationality. The school charges tuition which is con-

siderably less than the actual cost of the education. In addition, a number of scholarships are regularly bestowed upon particular students. The difference between the cost of education and the tuition is made up from charitable donations to the school. These include cash or negotiables as well as tangible personal property such as books, furniture, appliances and clothing. Like other organizations, appellant utilizes the lot and building at issue to receive, store, display and sell the above kinds of tangibles. All proceeds realized from such sales are utilized to subsidize the school, except for the sales manager's salary. Therefore, the clothing exchange is an integral part of furthering both the scholarship program and the school's ongoing fundraising activities.

Under R.C. 5709.121(B), the clothing exchange ought to be considered real property belonging to an educational institution which is used exclusively for charitable or public purposes. The statute provides tax immunity whenever such property is:

"Otherwise made available under the direction or control of such institution, the state, or political subdivision *for use in furtherance of or incidental to its charitable, educational, or public purposes* and not with the view to profit." (Emphasis added.)

Without the exchange, tangible gifts received by the school could not be converted into their cash equivalent. It is reasonable to assume that absent the operation of the exchange, tuition for the school's children would be much higher, which in turn would greatly reduce the number of students who could attend, eliminate scholarships, and diminish the school's capability to fulfill its educational mission.

Furthermore, the majority's decision effectively requires one to prove both that the property is functionally related to an exempt use and that it is used directly in furtherance of such exempt use. This directly contravenes the wording of R.C. 5709.121(B) which does not require such narrow prerequisites. I do not believe that this court's holding in *Ohio Masonic Home* v. *Bd. of Tax Appeals* (1977), 52 Ohio St. 2d 127 [6 O.O.3d 343], lends support to the majority here, since the process of converting tangible contributions to liquid assets utilized to meet school costs is no different than the activities of the business office which converts the negotiables into liquid assets. Thus, the exchange should not be viewed as an operation merely for profit, but an operation which is functionally related to the entire educational operation of the school.

Since there is no use "with the view to profit," I would hold that the school's clothing exchange facility should be exempted under the above statutes. This reasoning also seems applicable to the issues presented by R.C. 5709.07. Accordingly, I would reverse the decision of the Board of Tax Appeals as to all three statutes.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.