DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a decision of the Ohio Board of Tax Appeals (" BTA"), appellant, the Old West End Association ("OWEA"), sets forth the following assignments of error: *Page 2 
 {¶ 2} "The Board erred in its conclusion that the Old West End Association, Inc. is not using its `Mansion View' property primarily for charitable purposes.
 {¶ 3} "The Board erred in its conclusion that historical preservation and thus preservation of the `Mansion View' property is not a charitable purpose.
 {¶ 4} "The Board erred in its conclusion that the rental of `Mansion View' solely for the purpose of raising money to preserve the property is not a charitable use.
 {¶ 5} "The Board erred in its conclusion that the appeallant [sic] failue [sic] to specifically plead R.C. 5709.121 bars its use in defining the term `exclusively for charitable purposes' under R. DC. [sic] 570.12.
 {¶ 6} "The Board erred in its conclusion that R.C. 5709.121 could not be considered because appellant did not specifically list it as an error.
 {¶ 7} "The Board erred in its conclusion that R.C. 5709.121 and R.C.5709.12 are mutually exclusive."
 {¶ 8} The OWEA is a nonprofit organization that was created to improve and maintain the quality of life for those persons residing in the "Old West End," a historic neighborhood located in Toledo, Lucas County, Ohio. In 2000, the OWEA received a mansion, which was named "Mansion View" by the OWEA, as a gift. In order to manage Mansion View, OWEA created a board and developed a mission statement indicating that it sought the restoration and preservation of the mansion, its carriage house, which is currently used for storage, and its grounds. *Page 3 
 {¶ 9} In order to obtain funds to achieve its mission goals, OWEA leases out the mansion for such events as weddings, receptions, parties, graduations, luncheons, business meetings, and conferences. A sign in front of the mansion reads: "The Mansion View Conference and Special Events Center." OWEA also advertises that Mansion View is available for rent in newspapers and in a brochure. Mansion View also has a part-time events manager. The property was rented 51 times in 2001 and 76 times in 2002. Mansion View is also used by OWEA for its own general meetings, as well as for meetings of its own various boards and committees and committees comprised of members belonging to other organizations.
 {¶ 10} In 2001, the OWEA applied for a tax exemption for Mansion View, describing the same as a conference and special events center. The OWEA relied solely on R.C 5709.12(B) in seeking a tax exempt status.
 {¶ 11} On February 1, 2005, William Wilkins, the State of Ohio Tax Commissioner, issued a decision denying the OWEA's application. The Tax Commissioner found that the OWEA is an institution within the meaning of R.C. 5709.12(B) but that the OWEA failed to use the Mansion View property exclusively for charitable purposes. The OWEA was ordered to pay all penalties for the tax years 2001, 2002, and 2003. The OWEA filed, pursuant to R.C. 5717.02, a timely appeal of the Tax *Page 4 
Commissioner's decision to the Ohio Board of Tax Appeals ("BTA"). In that appeal, the OWEA relied on, for the first time, both R.C. 5709.12
and 5709.121[1].
 {¶ 12} On October 27, 2006, the BTA filed its "Decision and Order" in which it declined to consider any argument made by the OWEA relating to R.C. 5709.121. The BTA made this finding because the OWEA failed to raise this issue either before the Tax Commissioner or in its notice of appeal. The BTA affirmed the decision of the Tax Commissioner, finding that the Mansion View property was not primarily used for a charitable purpose. This appeal followed.
 {¶ 13} Initially, we find that the OWEA failed to timely raise issues related to R.C. 5709.121, either before the Tax Commissioner or in its notice of appeal filed with the BTA. Specifically, R.C. 5717.02, which governs appeals to the BTA, provides, in relevant part:
 {¶ 14} "The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner or director to the taxpayer, enterprise, or other person of the final determination or redetermination *Page 5 
complained of, and shall also specify the errors therein complainedof, but failure to attach a copy of such notice and incorporate it by reference in the notice of appeal does not invalidate the appeal." (Emphasis added.)
 {¶ 15} The requirement to specify each error in a notice of appeal to the BTA is mandatory. Satullo v. Wilkins, 111 Ohio St.3d 399,2006-Ohio-5856, ¶ 23 (citations omitted). Therefore, under R.C. 5717.02, a notice of appeal does not confer jurisdiction upon the BTA to resolve an issue, unless that issue is clearly specified in the notice of appeal. Lovell v. Levin, 116 Ohio St.3d 200, 2007-Ohio-6054, ¶ 35. Accordingly, because they all assert alleged error involving R.C.5709.121, we will not address the OWEA's fourth, fifth, and sixth assignments of error. Additionally, to the extent that the OWEA argues R.C. 5709.121 in relationship to the BTA's decision in its first, second, and third assignments of error, we shall disregard those arguments.
 {¶ 16} The OWEA's first, second, and third assignments of error are interrelated and shall be considered together. Specifically, in its first assignment of error, the OWEA claims that the BTA erred in finding that the OWEA was not using Mansion View primarily for a charitable purpose, i.e., preservation of the mansion. The OWEA maintains in its second assignment of error that the BTA was in error when it found that preservation of a historical site, specifically, Mansion View, was not a charitable purpose. In its third assignment of error, the OWEA contends that the BTA erred in concluding that the rental of Mansion View for the sole purpose of preserving this property was not a charitable purpose. All three of these assignments address the same issue: the BTA's *Page 6 
alleged failure to recognize that the use of Mansion View as a rental property is for a charitable purpose — the preservation of the mansion and its grounds.
 {¶ 17} In reviewing a decision of the BTA, this court determines whether that decision was reasonable and lawful. R.C. 5717.04. See, also, Columbus City School Dist. Bd. of Edn. v. Zaino (2001),90 Ohio St.3d 496, 497. The BTA is responsible for determining factual issues.Am. Natl. Can Co. v. Tracy (1995), 72 Ohio St.3d 150, 152. Therefore, if the record on appeal contains "reliable and probative support for these BTA determinations," we shall affirm them. Id. Furthermore, a tax exemption is the exception to the rule; consequently, statutes granting exemptions are strictly construed. Seven Hills Schools v. Kinney (1986),28 Ohio St.3d 186, 187. Finally, the property owner bears the burden of demonstrating that the property qualifies for the alleged exemption.True Christianity Evangelism v. Zaino (2001), 91 Ohio St.3d 117, 118.
 {¶ 18} R.C. 5709.12(B) provides that "[r]eal property and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation." In determining whether any institution may be exempt under R.C. 5709.12, the fact that the institution is religious or charitable is not a relevant factor.True Christianity Evangelism v. Zaino, 91 Ohio St.3d at 118. The relevant factor under this statute is whether the institution is using the property exclusively for charitable purposes. Id. The Ohio Supreme Court has defined the phrase "used exclusively" to mean a "primary use." Id. *Page 7 
 {¶ 19} In the present case, the BTA determined that the use and operation of Mansion View:
 {¶ 20} "* * * has the earmarks of a commercial venture and, thus, it can be deemed to be in competition with other similar commercial enterprises. Lutheran Book Shop, supra. Further there is no showing that these rental activities were themselves charitable. Hubbard Press v.Tracy (1993), 67 Ohio St.3d 564. `It is only the use of the property in charitable pursuits that qualifies for tax exemption, not the utilization of receipts or proceeds that does so.' Id. at 566. While it seems clear from the record that the owner's intent was to raise funds from rentals to apply toward the upkeep of the property, any charitable purpose based on this use was vicarious. Id. * * * [T]he crucial criterion missing in this case is evidence that demonstrates the money-making use of the Mansion View property is an essential and integral part of OWEA's primary function and not mainly for income purposes. * * *."
 {¶ 21} Based upon the foregoing, the BTA found that the primary use of Mansion View was not for charitable purposes. We conclude that the BTA's decision is reasonable and lawful and that record on appeal contains reliable and probative support for these determinations. Accordingly, the OWEA's first, second, and third assignments of error are found not well-taken.
 {¶ 22} The decision of the BTA is affirmed. The OWEA is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in *Page 8 
preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, P.J. and Skow, J., concur.
[1] R.C. 5709.121 reads, in material part:
"(A) Real property and tangible personal property belonging to a charitable or educational institution * * * shall be considered as used exclusively for charitable or public purposes by such institution * * * if it meets one of the following requirements:
"* * *
"(1)(b)(2) It is made available under the direction or control of such institution * * * for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit." *Page 1