[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Julia Realty, Ltd. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2415.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2415

JULIA REALTY, LTD., APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Julia Realty, Ltd. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2415.]

*Taxation—Real property—Collateral estoppel—Arm's-length character of recent sale was litigated in prior proceedings and may not be relitigated in later proceedings—Decision affirmed.*

(No. 2016-0541—Submitted April 10, 2018—Decided June 27, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2015-657 and 2015-658.

_____

**Per Curiam.**

{¶ 1} This is a real-property tax case on appeal from the Board of Tax Appeals ("BTA"). Appellant, Julia Realty, Ltd., the property's owner, challenges the BTA's application of collateral estoppel to its continuing complaint for tax years 2013 and 2014.

**{¶ 2}** In February 2013, Julia Realty purchased the property at issue through an auction sale for $367,500. In its original complaint for tax year 2012 (a reappraisal year in Cuyahoga County), Julia Realty contended that the purchase price constituted the value of the property. Both appellee Cuyahoga County Board of Revision ("the BOR") and the BTA retained appellee Cuyahoga County fiscal officer's valuation of $1,408,700. In affirming the BOR's determination, the BTA relied on the then-recent decision of this court in *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, and held that Julia Realty had not adequately demonstrated that the auction-sale price constituted the property's true value.

**{¶ 3}** Julia Realty invoked the BOR's continuing-complaint jurisdiction for tax years 2013 and 2014 and presented additional evidence that the auction-sale price reflected the true value of the property. But appellee Cleveland Municipal School District Board of Education ("the BOE") argued that it was too late to present additional evidence regarding the nature of the sale, because Julia Realty was bound by the earlier determination for tax year 2012 that the sale was *not* at arm's length. The BOR agreed and retained the original value for tax years 2013 and 2014. On appeal, the BTA held that the doctrine of collateral estoppel applied, thereby barring Julia Realty from relitigating the arm's-length-sale issue on the continuing complaint. We hold that the BTA acted reasonably and lawfully in applying collateral estoppel, and we therefore affirm.

## I. Background

**{¶ 4}** On April 1, 2013, Julia Realty filed a complaint challenging the 2012 reappraisal value determined by the fiscal officer, arguing that the purchase price of the property at an auction sale constituted its value. The BOE filed a countercomplaint. After conducting a hearing, the BOR decided to retain the fiscal officer's valuation, as the BOE had requested.

**{¶ 5}** The BOR issued its decision on October 22, 2013, and Julia Realty appealed to the BTA on November 21, 2013. During the pendency of the BTA appeal, we issued our decision in *Olentangy Local Schools*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, in which we held that "R.C. 5713.04 establishes a presumption that a sale price from an auction is not evidence of a property's value" but the presumption "may be rebutted by evidence showing that the sale occurred at arm's length between typically motivated parties," *id*. at ¶ 40.

**{¶ 6}** The BTA rendered its decision without holding a hearing; that decision was issued on February 2, 2015. BTA Nos. 2013-6048 and 2013-6049, 2015 WL 750599 (Feb. 2, 2015). Relying on *Olentangy Local Schools*, the BTA noted that the sale at issue involved an auction and that under *Olentangy Local Schools*, Julia Realty had the burden to show that the sale was at arm's length, which it failed to do. 2015 WL 750599 at *2. The BTA therefore affirmed the BOR's decision retaining the fiscal officer's original valuation.

**{¶ 7}** Julia Realty did not appeal the BTA's decision, nor did it seek a rehearing with respect to the tax-year-2012 value. Instead, Julia Realty invoked the BOR's continuing-complaint jurisdiction for tax years 2013 and 2014 by sending request letters dated March 3 and 4, 2015, which were file-stamped as received on March 5 and 9, 2015. On May 13, 2015, the BOR held a hearing on the continuing complaint, at which Julia Realty presented the testimony of its principal regarding the circumstances of the sale plus some documentation regarding that transaction. The BOE argued that Julia Realty was precluded from relitigating the arm's-length character of the sale, and the BOR members' delegates expressed a similar concern. Accordingly, on May 18, 2015, the BOR ordered no change in value due to "res judicata."

**{¶ 8}** Julia Realty appealed to the BTA. At the BTA hearing, Julia Realty's counsel explained the company's decision not to appeal in the earlier case but instead to present new evidence regarding the auction sale in conjunction with the

continuing complaint. Julia Realty's arguments at the hearing made clear that it was solely relying on the auction-sale price to establish the property's value. Holding that collateral estoppel barred Julia Realty from relitigating the arm's-length nature of the sale, the BTA affirmed the BOR's decision retaining the fiscal officer's valuation. BTA Nos. 2015-657 and 2015-658, 2016 WL 2907613, *3-4 (Mar. 14, 2016). In addition, the BTA held that some of the new evidence presented was hearsay that deserved no weight. *Id.* at *3.

{¶ 9} Julia Realty has appealed.

## II. Analysis

### A. *The BTA properly applied collateral estoppel*

{¶ 10} Under its second proposition of law, Julia Realty contests the BTA's application of collateral estoppel. When properly applied, collateral estoppel, also known as issue preclusion, " 'precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action.' " *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 277, 2017-Ohio-8845, 95 N.E.3d 359, ¶ 9, quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112, 254 N.E.2d 10 (1969), *overruled in part on other grounds, Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "Collateral estoppel may apply in deciding whether a particular sale is arm's length in nature, because it is an issue that may be common in successive tax years." *Id*.

{¶ 11} Here, Julia Realty argues that applying collateral estoppel is improper because at the time of the BOR hearing in the proceedings that addressed the 2012 tax year, this court had not yet clarified that Julia Realty bore the burden of rebutting the presumption that the auction-sale price it paid for the property in that sale was not indicative of market value. That clarification occurred during the pendency of Julia Realty's first BTA appeal when we issued our decision in *Olentangy Local Schools*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086.

**{¶ 12}** We acknowledge that collateral estoppel should not be applied if "intervening [court] decisions" have established that the earlier result was erroneous. *Limbach v. Hooven & Allison Co.*, 466 U.S. 353, 362, 104 S.Ct. 1837, 80 L.Ed.2d 356 (1984), *vacating and remanding Hooven & Allison Co. v. Lindley*, 4 Ohio St.3d 169, 447 N.E.2d 1295 (1983). Nor does the intervening caselaw have to effect an outright reversal of legal principles to defeat the application of collateral estoppel. Rather, "a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable." *Commr. of Internal Revenue v. Sunnen*, 333 U.S. 591, 600, 68 S.Ct. 715, 92 L.Ed. 898 (1948). In *Sunnen*, the subsequent development of the caselaw did not involve a dramatic change but rather a sufficiently "substantial * * * amplification of [the basic] concept [so] as to justify reconsideration of earlier [United States] Tax Court decisions reached without the benefit of the expanded notions." *Id.* at 607.

**{¶ 13}** With our approval, the BTA has applied the principles of *Sunnen* and similar cases to restrict the application of collateral estoppel based on intervening developments in Ohio tax law generally. *Am. Soc. for Metals v. Limbach*, BTA No. 87-A-807, 1990 WL 111429, *3 (Mar. 23, 1990) (declining to apply collateral estoppel in part because "even given the same parties, same subject matter, and same questions, the different tax years become important if there has been an intervening change in the legal atmosphere"), *aff'd,* 59 Ohio St.3d 38, 39, 569 N.E.2d 1065 (1991); *accord Hubbard Press v. Limbach*, BTA No. 87-E-730, 1992 Ohio Tax LEXIS 723, *4 (June 26, 1992), *aff'd sub nom. Hubbard Press v. Tracy*, 67 Ohio St.3d 564, 565, 621 N.E.2d 396 (1993).

**{¶ 14}** We also acknowledge that our decision in *Olentangy Local Schools* constituted the type of "change in the legal atmosphere" that would, in a proper case, justify a refusal to apply collateral estoppel. That is so because, although R.C. 5713.04 has long provided that "[t]he price for which such real property would sell

*at auction* or forced sale shall not be taken as the criterion of its value" (emphasis added), our previous caselaw had applied that provision to auctions that were associated with foreclosures and forced sales but not necessarily to auction sales generally.

{¶ 15} Indeed, in *Olentangy Local Schools* itself, we stated that the question whether R.C. 5713.04 controlled the analysis of *voluntary* auction sales had previously been left open. 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, at ¶ 27-28, citing *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 546 N.E.2d 932 (1989), and *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489. And in *Cincinnati School Dist.*, we had distinguished between auction sales that involved foreclosures and those that did not—the former were presumed to be transactions that were involuntary and not at arm's length, but the presumption did not necessarily apply to auction sales that did not involve foreclosures. *Id.* at ¶ 31-33.

{¶ 16} Thus, *Olentangy Local Schools* made clear for the first time that *all* auction sales give rise to a presumption against using the sale price as the property's value, subject to rebuttal if the proponent proves the voluntary and arm's-length character of the sale. And in light of the former caselaw, Julia Realty could reasonably have assumed at the time the BTA hearing was held concerning the value for tax year 2012 that the auction-sale price (which was not the result of a foreclosure sale) would be presumed to indicate the property's value, with the BOE bearing the burden to rebut the presumption. *See, e.g.*, *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 9, 33 (a recent arms-length sale price is the best evidence of a property's value).

{¶ 17} It follows that if our decision in *Olentangy Local Schools* had intervened between the BTA's decision rendered for tax year 2012 and Julia Realty's invocation of continuing-complaint jurisdiction, collateral estoppel would not apply in the later proceedings for tax years 2013 and 2014. The problem for

Julia Realty, however, is that we issued our decision in *Olentangy Local Schools* on October 28, 2014, more than three months *before* the BTA issued its decision for tax year 2012 on February 8, 2015—and, indeed, the BTA relied on *Olentangy Local Schools* in determining the property's value for tax year 2012. As a result, *Olentangy Local Schools* is not an "intervening" decision that bars the application of collateral estoppel in the proceedings on the continuing complaint.

{¶ 18} Julia Realty emphasizes that this court's decision in *Olentangy Local Schools* was issued after Julia Realty had already presented evidence in the initial case regarding tax year 2012; in that sense, Julia Realty argues that the *Olentangy Local Schools* decision "intervenes" between the hearing during the proceedings for tax year 2012 and the initiation of the continuing complaint for tax years 2013 and 2014. To be sure, it is safe to assume that Julia Realty presented less evidence at the BOR hearing for tax year 2012 than it otherwise would have presented because it did not at that time know the standard this court would later articulate in *Olentangy Local Schools*. Moreover, collateral estoppel should not bar relitigating an issue if the litigant who would be barred "lacked full and fair opportunity to litigate that issue in the first action, or * * * other circumstances justify according him an opportunity to relitigate that issue." *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74, 369 N.E.2d 776 (1977); *accord Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) ("collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case").

{¶ 19} For these reasons, we do not disagree with the general point underlying Julia Realty's argument regarding its entitlement to a fair opportunity to present evidence and to receive a new hearing to attempt to satisfy the standard announced in *Olentangy Local Schools*. *See Sunnen*, 333 U.S. at 600, 68 S.Ct. 715, 92 L.Ed. 898 (a "supervening [court] decision cannot justly be ignored by blind

reliance upon the rule of collateral estoppel"). The problem here, however, is that Julia Realty could have sought a new hearing during the proceedings that determined the value of the property for tax year 2012 in order to be accorded that very opportunity, but it failed to do so.

{¶ 20} Specifically, about three months elapsed between our issuance of our decision in *Olentangy Local Schools* and the BTA's issuance of its decision relying on it, and during that time period, Julia Realty could have sought a new hearing before the BTA in light of the new precedent. Moreover, during the 30-day appeal period following the BTA's decision, Julia Realty could have moved for rehearing. *See Natl. Tube Co. v. Ayres*, 152 Ohio St. 255, 89 N.E.2d 129 (1949), paragraph one of the syllabus ("The Board of Tax Appeals has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal"); *compare 1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, ¶ 15 (enforcing the principle that the BTA loses jurisdiction over a case after expiration of the appeal period). Had Julia Realty taken either of these steps and been denied a new hearing, it would have a much stronger argument that it was not accorded the opportunity to fully and fairly litigate the arm's-length-sale issue during the earlier proceedings.

{¶ 21} As matters stand, however, Julia Realty's complete failure to take reasonable action in the proceedings in the tax-year-2012 case to obtain a new hearing creates a situation in which collateral estoppel applies. Indeed, applying collateral estoppel here preserves the bright-line principle that in order for a development in the caselaw to "render the rule of collateral estoppel inapplicable," the "judicial declaration" must "interven[e] between the two proceedings." *Sunnen*, 333 U.S. at 600, 68 S.Ct. 715, 92 L.Ed. 898. When, as here, the change in the law occurred after the hearing in the earlier proceedings but before the BTA issued its decision, a new hearing in the earlier proceedings should have been requested. A contrary ruling here would create broad uncertainty about the applicability of

collateral estoppel, which would effectively become a case-by-case weighing of equities. We decline to engage in that kind of weighing under these circumstances.

{¶ 22} The same logic applies to Julia Realty's first proposition of law, in which it claims that its due-process rights were violated in this situation. Had Julia Realty taken advantage of its opportunity to satisfy the newly articulated burden of rebuttal *during the proceedings for tax year 2012*, the BTA likely would have granted its request and thereby would have afforded Julia Realty all the process that it argues was constitutionally due. Because Julia Realty failed to ask for that rehearing, it cannot now establish that applying collateral estoppel in the proceedings for tax years 2013 and 2014 violated its right to due process.

{¶ 23} In the last analysis, the doctrine of collateral estoppel "provides a necessary degree of finality to decisions rendered by our courts," and that finality "is a desirable objective in administrative proceedings as well." *Superior's Brand Meats, Inc. v. Lindley*, 62 Ohio St.2d 133, 135, 403 N.E.2d 996 (1980). Finality, in turn, is important because it removes the cloud of uncertainty and allows parties to take action based on the settled judgment. *See Allen*, 449 U.S. at 94, 101 S.Ct. 411, 66 L.Ed.2d 308 ("res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication"). Applying collateral estoppel in this case serves those objectives and is appropriate in light of the omissions on Julia Realty's part.

*B. R.C. 5715.19(A)(2) is irrelevant to the collateral-estoppel issue*

{¶ 24} Under its third proposition of law, Julia Realty argues that R.C. 5715.19(A)(2) is relevant to the collateral-estoppel issue in this case. It is not. R.C. 5715.19(A)(2) sets forth the circumstances under which the same person, board, or officer can file a second valuation complaint within the same triennium; it states a general prohibition and then creates exceptions. The statute concerns the

jurisdiction of a board of revision over a second complaint, but it is not relevant in determining whether collateral estoppel applies in the present case.

**{¶ 25}** Julia Realty points out that a sale of the property that was not considered in the proceedings on the first complaint constitutes a basis for filing a second complaint under R.C. 5715.19(A)(2)(a). But that does not help Julia Realty here for several different reasons, including that the auction sale *was* taken into account and was rejected for tax year 2012 due to the lack of evidence of its arm's-length character.

*C. Julia Realty's fourth proposition of law states no claim for relief on appeal*

**{¶ 26}** Julia Realty's fourth proposition of law invokes *Soyko Kulchystsky, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 141 Ohio St.3d 43, 2014-Ohio-4511, 21 N.E.3d 297, in which we held that "the applicability of R.C. 5715.19(A)(2)(a) should be determined as of the date the second-filed complaint was filed," *id*. at ¶ 30. Julia Realty's argument explaining its reliance on this holding is obscure.

**{¶ 27}** Julia Realty's reliance on *Soyko Kulchystsky* is unavailing here because that decision addressed an issue not presented in this case: whether a second complaint may be filed for a later year during the same triennium. *Soyko Kulchystsky* simply has no relevance to the issue whether collateral estoppel can properly be applied in later proceedings.

### III. Conclusion

**{¶ 28}** For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Jesse R. Mann, L.L.C., and Jesse R. Mann; and Aryeh I. Dori, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Saundra Curtis-Patrick, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Fiscal Officer.

Brindza, McIntyre & Seed, L.L.P., and David H. Seed, for appellee Cleveland Municipal School District Board of Education.

_____